IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DENNIS J. SANDERS,

Plaintiff,

v.

OFFICER MCABERY, OFFICER LECARNO, and OFFICER ENSLEY,

Defendants.

Case No. 3:24-cv-01919-CL

ORDER

---

MCSHANE, Judge:

Magistrate Judge Mark D. Clarke issued a Findings and Recommendation (F&R, ECF No. 54), and the matter is now before this Court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. Defendant Ensley moved to dismiss Plaintiff's claim against her for excessive force in violation of the Fourth Amendment. Mot., ECF No. 30. Judge Clarke recommended that the motion be denied because Plaintiff had stated a claim and because it was inappropriate to decide the issue of qualified immunity for Defendant Ensley at this stage. F&R 4–8. Defendant Ensley filed objections (Objs., ECF No. 64), and accordingly the Court reviews *de novo*. *See United States v. Bernhardt*, 840 F.2d 1441, 1444–45 (9th Cir. 1998); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("In providing for a de novo determination . . . Congress intended to permit

whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate[] [judge's] proposed findings and recommendations." (citation omitted)).

Upon review, the Court finds harmless error in the report and adopts its recommendation.

**DISCUSSION**

Defendant Ensley first objects to Judge Clarke's treatment of the pleadings in the report. Defendant Ensley argues Judge Clarke improperly construed Plaintiff's pleadings as a self-represented party and improperly considered the allegations of a superseded pleading to deny Defendant Ensley's motion. Objs. 2–5 & n.2. First, upon ruling on Defendant's Motion to Dismiss, Judge Clarke reasonably construed Plaintiff's claim as alleging a Fourth Amendment violation brought under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's Complaint initiating this action was a form prisoner civil rights complaint in which Plaintiff indicated he was pursuing a claim against "State or local officials" pursuant to Section 1983. ECF No. 1. Judge Clarke's screening order (ECF No. 5) and subsequent filings (ECF No. 16, 28) reflect this understanding. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992), *as amended* (Oct. 9, 1992) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266,268 (9th Cir. 1982)) ("a liberal interpretation of a [self-represented litigant's] civil rights complaint may not supply essential elements of the claim that were not initially pled")

Judge Clarke nevertheless erred by considering the allegations of an earlier complaint together with the most recent complaint in ruling on Defendant Ensley's motion. Plaintiff filed a first amended complaint ("FAC", ECF No. 16) on October 30, 2025. Then, based on the Court's order (ECF No. 24), Plaintiff filed a second amended complaint ("SAC", ECF No. 28) on February 13, 2026. The Court acknowledges that Judge Clarke's report attempted to reconcile his order for

Plaintiff to replead his claims in a way that would be "helpful to resolve this litigation" with Plaintiff's earlier more detailed allegations. However, the Court, and the parties, must have certainty regarding the operative complaint. *See Boyd v. Roberts*, 2025 WL 2781754, at *5 (D. Or. Sept. 29, 2025). Accordingly, the SAC supersedes the FAC and renders it of no legal effect here.[1] *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010); Local R. 15-1(a)(3). Judge Clarke therefore erred by considering the pleadings together.

The Court proceeds to review Judge Clarke's substantive findings *de novo* based only on the allegations of the SAC. Upon review, the Court agrees with Judge Clarke's recommendation and rejects Defendant Ensley's remaining objections.

Defendant further objects to Judge Clarke's recommendation because Plaintiff's allegations fail to show that Ensley violated the Fourth Amendment. Objs. 3–4. Claims under Section 1983 require personal involvement of the defendant. *See Seagraves v. Wash. St. Dep't of Child. Youth & Fams.*, 182 F.4th 1083, 1088 (9th Cir. 2026). Regardless of whether Judge Clarke's report impermissibly ascribed to Defendant Ensley the actions of Officers McAbery and LeCarno when referring to the "take down" of Plaintiff (F&R 6), reviewing *de novo*, the Court agrees with Judge Clarke's recommendation. When limited to Defendant Ensley's own actions as alleged in the SAC, Plaintiff's allegations plausibly show Defendant Ensley used force that was excessive under objective standards of reasonableness. *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989); *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007).

Defendant Ensley also argues that Judge Clarke's erred in considering qualified immunity

[1] Materials attached to a complaint and incorporated by reference are generally considered as part of the complaint for purposes of ruling on a Fed. R. Civ. P. 12(b)(6) motion. *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014).

where his report did not specify what "clearly established" right Defendant Ensley allegedly violated. Objs. 5–6. Taking together Plaintiff's allegations in the SAC and the procedural posture of the case, the Court agrees with Judge Clarke's recommendation that Plaintiff's claim against Defendant Ensley may proceed.

Plaintiff has stated an excessive force claim for violation of his Fourth Amendment rights based on the applicable standard, but a "clearly established" right must be "more particularized." *Brosseau v. Haugen*, 543 U.S. 194, 198–99 (2004) (holding that the *Graham* standard for excessive force is "cast at a high level of generality" and by itself clearly establishes the answer only in an "obvious case"); *Fuhr v. City of Seattle*, 175 F.4th 1081, 1085 (9th Cir. 2026). There need not be a case that is "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate" such that officials have fair notice that "the violative nature of particular conduct is clearly established." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741–42 (2011). In reviewing a qualified immunity defense at the motion to dismiss stage, courts ask "whether the complaint alleges sufficient facts, taken as true, to support the claim that the officials' conduct violated clearly established constitutional rights of which a reasonable officer would be aware." *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018). "If the operative complaint contains even one allegation of a harmful act that would constitute a violation of a clearly established constitutional right, then plaintiffs are entitled to go forward with their claims." *Id.* (citing *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992)).

Here, Plaintiff's relevant allegations entitle him to proceed at this stage. Accepting the allegations as true, the SAC reflects that Plaintiff did not resist arrest, did not show a readiness to resist arrest, and did not behave violently. SAC ¶¶ 2–5. Other officers had already tased, beaten,

and choked Plaintiff by the time Defendant Ensley pulled his legs out from under him and dragged him across the pavement and onto the sidewalk. *Id.* ¶¶ 5–8. The officers, including Defendant Ensley, injured Plaintiff to the point he spent four "days and nights" in the hospital. *Id.* ¶¶ 10. This is sufficient for Plaintiff's claim to proceed here—resolving the issue of qualified immunity is not appropriate at this stage of the litigation in this case.[2] *Keates*, 883 F.3d at 1235; *see Blankenhorn*, 485 F.3d at 481 (holding reasonable officer was "on notice that gang-tackling without first attempting a less violent means of arresting a relatively calm trespass suspect—especially one who had been cooperative in the past and was at the moment not actively resisting arrest—was a violation of that person's Fourth Amendment rights"); *see also Kanda v. Longo*, 484 F. App'x 103, 104–05 (9th Cir. 2012) (finding where the plaintiff "was injured after [defendant] officers took her down to the ground on a stairwell landing, hitting her face against a metal handrail with some force in the process," the defendant officers violated the plaintiff's clearly established rights); *McCaig v. Raber*, 515 F. App'x 551, 555–56 (6th Cir. 2013) (holding it was "clearly established that the use of force on a non-resistant or passively-resistant individual may constitute excessive force" where defendant officer lifted the plaintiff up and slammed him to the ground back first, breaking the plaintiff's wrist).

## **CONCLUSION**

Having reviewed the report *de novo* upon Defendant Ensley's Objections, Judge Clarke's Findings and Recommendation (ECF No. 7) is adopted in full. Defendant Ensley's Motion to Dismiss (ECF No. 30) is DENIED.

---

[2] Cases Defendant Ensley cites in briefing on the motion to dismiss applied the qualified immunity defense at the summary judgment stage (Mot. 7). *See Jackson v. Asotin County*, 2019 WL 1245786, *7 (E.D. Wash. Mar. 15, 2019); *Huber v. Coulter*, 2015 WL 13173223, at *13–14 (C.D. Cal. Feb. 10, 2015); *Drinan v. United States*, 2022 WL 20688697, at *10–15 (C.D. Cal. Nov. 25, 2022).

IT IS SO ORDERED.

DATED 4th day of November 2026.

s/Michael J. McShane

Michael J. McShane
United States District Judge